O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN CANALES CERRITOS,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 14-CV-06356(VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In August of 2011, Plaintiff Roman Canales Cerritos applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by the Law Office of Lawrence D. Rohlfing,

1

1  Steven G. Rosales, Esq., of counsel, commenced this action seeking judicial review
2  of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383
3  (c)(3).

4      The parties consented to the jurisdiction of a United States Magistrate Judge.
5  (Docket No. 19, 20). On March 7, 2016, this case was referred to the undersigned
6  pursuant to General Order 05-07. (Docket No. 18).

## II. BACKGROUND

    Plaintiff applied for benefits on April 26, 2011. (T at 200-209, 210-16).[1] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On December 14, 2012, a hearing was held before ALJ Evelyn M. Gunn. (T at 73). Plaintiff appeared with his attorney and testified. (T at 76-87). The ALJ also received testimony from Gail Maron, a vocational expert. (T at 87-91).

    On February 21, 2013, the ALJ issued a written decision denying the applications for benefits. (T at 37-55). The Appeals Council initially denied Plaintiff's request for review on June 16, 2014. (T at 7-15). Plaintiff thereafter submitted additional evidence, but on October 16, 2014, the Appeals Council again

---

[1] Citations to ("T") refer to the administrative record at Docket No. 14.

denied his request for review, making the ALJ's decision the Commissioner's final decision. (T at 1).

On August 13, 2014, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 3). The Commissioner interposed an Answer on March 13, 2015. (Docket No. 13). The parties filed a Joint Stipulation on August 7, 2015. (Docket No. 17).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case must be dismissed.

### III. DISCUSSION

**A.  Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot,

considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the

evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.    Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 1, 2010 (the alleged onset date) and met the insured status requirements of the Social Security Act through March 31, 2011 (the date last insured). (T at 45). The ALJ found that Plaintiff had the following medically determinable impairments: diabetes, peripheral neuropathy, and affective mood disorder. (T at 46). However, the ALJ concluded that Plaintiff did not have a severe impairment or combination of impairments, within the meaning of the Act. (T at 46).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from October 1, 2010 (the alleged onset date) through February 21, 2013 (the date of the ALJ's decision). (T at 50). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1).

**D.     Disputed Issue**

As set forth in the parties' Joint Stipulation (Docket No. 17), Plaintiff offers a single argument in support of his claim that the Commissioner's decision should be reversed. He contends that the ALJ erred in discounting the medical opinion offered by his treating physician.

## IV. ANALYSIS

**A.     Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons

that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

**B.  Dr. Haronian's Assessment**

Dr. Edwin Haronian treated Plaintiff in connection with his claim for workers' compensation benefits. (T at 796-823, 892-905, 907-949). On October 10, 2012, Dr. Haronian completed a "Permanent and Stationary Report" in connection with the workers' compensation claim. Dr. Haronian opined that Plaintiff was "precluded from heavy work activities" by virtue of his lumbar spine issues. (T at 897).

Plaintiff asserts that, in the workers' compensation context, this finding meant that Plaintiff had lost 50% of his work ability as measured by the work he was performing when he was injured.

The ALJ considered Dr. Haronian's report and noted the physician's finding that Plaintiff "was only precluded from heavy work." (T at 47). Based upon this finding and other evidence of record (discussed further below), the ALJ determined that Plaintiff did not have a "severe" impairment under the Social Security Act. (T at 50). For the following reasons, this Court finds the ALJ's decision supported by substantial evidence.

First, the ALJ did not actually reject or discount Dr. Haronian's assessment. A finding that Plaintiff is unable to perform heavy work does not, per se, mean that Plaintiff has a severe impairment or that he is disabled under the Social Security Act. *See Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Rather, the issue is whether the ALJ drew an incorrect inference from Dr. Haronian's finding.

According to Plaintiff, because Dr. Haronian's report was delivered in the context of a workers' compensation claim, his conclusion that Plaintiff was "precluded from heavy work activities" is a more restrictive assessment than the ALJ believed. In particular, Plaintiff asserts that, under the workers' compensation definition of "heavy work," Dr. Haronian was effectively finding that Plaintiff could

not lift more than 20 pounds. However, the Commissioner notes that the workers' compensation definition of "heavy work," which Plaintiff relies on in support of his argument, was amended in 2005 and no longer contains language defining "heavy work." Thus, the Commissioner contends, there is no basis for believing Dr. Haronian, who issued his report in 2012, was relying on a definition that had been eliminated from the applicable law nearly a decade earlier. Plaintiff offers no reply to this argument, which appears to be supported by the law. *See Genlyte Group, LLC v. Workers' Comp. Appeals Bd.*, 158 Cal. App. 4th 705 (Cal. Ct. App. 2008).

Second, even if there was some arguable error with regard to the ALJ's understanding of Dr. Haronian's assessment, there is ample additional evidence sufficient to support the ALJ's decision. Dr. Michael Wallack performed a consultative examination in November of 2011. He found Plaintiff's examination "unremarkable" and described Plaintiff's low back pain as "intermittent." (T at 370). Dr. Wallack assessed no limitations as to Plaintiff's ability to stand, walk, or sit. (T at 371). In October of 2011, Dr. Stephan Simonian performed a consultative psychiatric examination. He concluded that Plaintiff could understand, remember, and carry out simple and complex instructions; relate and interact with supervisors, co-workers, and the public; maintain concentration and attention on a consistent basis; adapt to the stressors common to a normal work environment; maintain

regular attendance in the workplace and perform work activities on a consistent basis; and perform work activities without additional or special supervision. (T at 361-62).

Medical records from the Olive View Medical Center indicated that Plaintiff was monitored on an outpatient basis for chronic medical conditions, but there were no significant clinical or laboratory findings. (T at 47, 338-57, 416-795, 836-91). The ALJ referenced MRI, EMG, and nerve conduction studies, which were not indicative of a severe impairment. (T at 47). Dr. Haronian treated Plaintiff for less than 12 months and described conservative treatment with some improvement in Plaintiff's lifting capacity. (T at 796-99, 800, 808, 820).

For the reasons outlined above, this Court finds there is substantial evidence in the record to sustain the ALJ's decision.

## V.   CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining

consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 25th day of April, 2016,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE